[Cite as *HSBC Bank USA v. Naploszek*, 2017-Ohio-9301.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

HSBC BANK USA

    Appellee

    v.

GREGORY NAPOSZEK aka
GREG NAPLOSZEK, et al.

    Appellants

C.A. No.     16CA0076-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    15CIV0392

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

CALLAHAN, Judge.

{¶1} Appellants Gregory and Paula Naploszek appeal the judgment of the Medina County Court of Common Pleas that granted judgment in favor of appellee HSBC Bank USA ("Bank"). This Court affirms.

I.

{¶2} Bank filed a complaint in foreclosure against the Naploszeks and two of their alleged creditors. Only Gregory Naploszek and the Medina County Treasurer filed answers; Paula Naploszek and Target National Bank did not. Although Mr. Naploszek listed 28 affirmative defenses in his answer, Bank's lack of capacity to sue was not one of them.

{¶3} Bank filed a motion for summary judgment, which was denied. More than nine months after Bank filed its complaint, the Naploszeks filed, without leave of court, a 32-page document captioned "Motion to Dismiss," in which they purported to raise counterclaims against Bank, sounding in breach of contract, fraud and misrepresentation, the Ohio Corrupt Practices

Act, and the federal Racketeer Influenced Corrupt Organizations Act. They also raised the issue of the Bank's capacity to sue for the first time. Bank opposed the motion to dismiss on the grounds that it was untimely. The trial court declined to rule on the untimely motion to dismiss and scheduled the matter for trial.

{¶4} After the matter was heard by the magistrate, she issued a decision recommending default judgment against Paula Naploszek and Target, a monetary judgment against Gregory Naploszek in favor of Bank, and entry of a decree of foreclosure. The magistrate noted that Mr. Naploszek had argued that Bank lacked standing to file suit, because it had not registered with the Ohio Secretary of State. She further noted Mr. Naploszek's confusion of the legal concepts of standing and capacity, finding that Mr. Naploszek was in fact arguing that Bank lacked capacity to sue. The magistrate concluded that Mr. Naploszek had waived the issue of capacity by failing to raise lack of capacity as an affirmative defense or in a timely pre-answer motion. She further found that Bank had standing to invoke the jurisdiction of the court based on the parties' stipulation that Bank was the holder of the promissory note and mortgage at the time it filed the complaint. The Naploszeks filed timely objections to the magistrate's decision.

{¶5} In their objections, the Naploszeks again continued to muddle the legal concepts of standing and capacity. They argued that Bank had no standing to sue because of its failure to register with the Ohio Secretary of State, and they requested dismissal of Bank's complaint on that ground. In addition, although the Naploszeks briefly argued that Bank lacked capacity to sue as a foreign corporation, they did not address the issue of their waiver of any argument regarding capacity. The final 21 pages of their 27-page objections appear to quote a separate opinion from a 2007 opinion issued by the Second Circuit Court of Appeals addressing, among other things, issues of federalism, preemption, the National Bank Act, and visitorial power, none

of which furthered the inquiry relating to the Naploszeks' failure to challenge Bank's capacity to sue in an answer or timely pre-answer motion. Bank filed a response in opposition to the objections.

{¶6} The trial court overruled the Naploszeks' objections and entered judgment in favor of Bank against the defendants. The Naploszeks filed a timely appeal in which they raise one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ALLOWING "HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. EQUITY LOAN TRUST, SERIES 2006-OP1", TO MAINTAIN AN ACTION IN THE COMMON PLEAS COURT.

{¶7} The Naploszeks argue that the trial court erred in failing to dismiss the complaint for lack of jurisdiction, because Bank lacked standing, as it had not registered with the Ohio Secretary of State. This Court finds the argument not well taken.

{¶8} We decline to address the assigned error as it relates to Paula Naploszek. The trial court entered default judgment against her, and she does not challenge that. Accordingly, the trial court's judgment in favor of Bank as against Mrs. Naploszek is affirmed.

{¶9} As to Gregory Naploszek, we note that he continues to confuse the legal concepts of standing and capacity. This Court has previously clarified the two concepts:

Standing is a question of whether the plaintiff can show an injury traceable to the conduct of the defendant[.] [Whereas] capacity * * * concerns a determination as to whether a party may properly sue, either as an entity or on behalf of another. Capacity to sue or be sued does not equate with the jurisdiction of a court to adjudicate a matter; it is concerned merely with a party's right to appear in a court in the first instance.

(Internal quotations and citations omitted.) *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 11.

{¶10} Prior to trial, the parties stipulated that Bank was the holder of both the promissory note and mortgage at the time it filed the complaint, and that Mr. Naploszek had defaulted on his payments on the note. Bank, therefore, could show injury traceable to Mr. Naploszek's conduct. Accordingly, any challenge to the Bank's standing must fail.

{¶11} As to capacity, it is well settled:

Lack of capacity is an affirmative defense. *See Country Club Townhouses-North Condominium Unit Owners Assn. v. Slates*, 9th Dist. Summit No. 17299, 1996 Ohio App. LEXIS 234, *6 (Jan. 24, 1996); Civ.R. 8(C) ("In pleading to a preceding pleading, a party shall set forth affirmatively * * * any other matter constituting an avoidance or affirmative defense.") Civ.R. 9(A) requires special matters such as a party's lack of capacity to be raised in the pleadings by "specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Finally, Civ.R. 12 mandates that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto[.]"

*Skipper* at ¶ 12.

{¶12} Mr. Naploszek failed to raise the affirmative defense of lack of capacity in his answer to Bank's complaint. Accordingly, he has forfeited the defense. *See Skipper* at ¶ 13. The Naploszeks' assignment of error is overruled.

III.

{¶13} The Naploszeks' sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ROBERT W. GRAY, Attorney at Law, for Appellants.

KIMBERLY Y. SMITH RIVERA, Attorney at Law, for Appellee.